Good morning, Counsel. Good morning, Your Honors. Michael Drake for Philip Rogers. I may mean to reserve about two minutes for rebuttal and we'll see how that goes. I'll watch the time. Thank you. This case is about how sometimes even a single piece of evidence that a criminal defendant's defense counsel fails to present to the jury, unreasonably fails to present to the jury, can transform the way jurors would reasonably view all of the evidence. Especially in a case like this one where the evidence is about drug abuse and behavior and its effects on behavior. So just to walk through, suppose we're jurors and we're looking at the actual case that was presented. The prosecution puts on evidence that Mr. Rogers drank to access to the point of impairment he drove. He's driving down the street, you know, over the posted 35 mile per hour speed limit. He sees Mary Webster crossing at an intersection ahead. He veers and tries to get around her brakes but he hits her fatally. So Counsel, we're here though on an ineffective assistance of counsel claim, not the underlined facts of the case. So what is your best argument that this was not a tactical decision made by the attorney representing your client? I think, well, the best argument, the first thing I'd say is that he already put Mary Webster's behavior, her conduct in issue by arguing that she had unreasonably created an emergency situation. Well then, wouldn't it be reasonable for him to think if he had already done that, he didn't need to get into the cocaine in her system? Wouldn't that be a reasonable tactic? Whether or not it's the ideal tactic, wouldn't that be a reasonable tactic? I don't think so because there's no downside and there's only an upside to introducing the evidence of her cocaine abuse because it changes the way jurors could interpret her conduct. But trial counsel was specifically arguing, wasn't he or she, that the fact that the defendant had this really high BAC didn't matter because you can look at the video and he wasn't driving wildly or recklessly. So couldn't he have also decided that portraying the victim as having a small amount of cocaine in her system in that matter would undercut his claim that his own client, the fact that he had this enormous BAC, isn't that significant? I mean, couldn't that have been a rational decision? I don't think so, Your Honor, because we have the video and we have Mary Webster's conduct that is visible from the video and that all of the circumstances of this accident are relevant to the jurors and they would have to interpret her behavior and they'd have to interpret his. There's no getting around the fact, and I think trial counsel was realistic at least, about the fact that his client had drunk excess. But he didn't want to focus on that necessarily. He wanted to focus on other things like her behavior and the fact that the crosswalk was impeded by other people who were walking through. I think it would be rational for him to try to steer away from anybody's impairment and focus on something else. Why wasn't that reasonable? Well, you said it, Your Honor, his focus was on Mary Webster's conduct. Why wasn't that reasonable? Because there was no downside to just by raising the prospect that she was impaired would not have put any more focus on the fact that his client was impaired than the prosecution. I think that's the first thing the government would have come back with is let's compare impairment because the medical examiner could not say how impaired the pedestrian was. But there was clear evidence about how impaired your client was. So I don't know if defense counsel wanted to get into the question of who was more impaired in this accident. Your Honor, there was no avoiding the question. He focused on what he wanted to focus on, but the prosecution came back with Mr. Rogers' impairment anyway. The focus of the prosecution was on Mr. Rogers' impairment because it couldn't have been on his conduct. Because we didn't have any driving evidence like in the Ochoa case where you have someone driving, witnesses saying he'd been weaving in and out of lanes and so on. Let me ask you about also the prejudice issue. I'm taking it that under Rompia in those cases we're reviewing prejudice de novo. Is that correct? Which cases, Your Honor? Are we reviewing prejudice de novo or under AEDPA? We are under AEDPA, and I think that you get to de novo review because the state court's one single sentence analysis is unreasonable. So we have the evidence in the record regarding his high degree of intoxication during the incident. We have the evidence before the jury about his prior criminal record, and there's the video of what happened, which shows him driving faster than the other cars in the area and showing where the victim was. Why is there a reasonable probability of a different outcome, or why couldn't the state court reasonably conclude there was not? So let me just take the de novo question first. If a juror who is looking at this, a rational juror looking at this video could look at Mayor Webster's conduct and without the evidence of drug use could conclude, well, maybe this was understandable confusion on her part, but once a juror considers that she may be under the influence of a strong controlled substance and that her reaction may have been the function of delusional or irrational or psychotic. No, there was nothing irrational. I mean, I reviewed the video. The car is driving faster than the speed of traffic. She sees the car, tries to get out of the way, and is struck by the car. I was looking after reading your brief, I was looking for evidence of her weaving back and forth in the road, but there is nothing like that in the video. She doesn't weave back and forth. She clearly stopped. So if you look at the video at 20 minutes, 20 hours, 24 minutes, 31 seconds, that is where she stops. And if you look at where her front foot is, she is past the point where the car passes. We have to say that the jury, that there was a reasonable probability of a different outcome. And so I'm trying to understand what your argument is on that in light of the video being in the record. Right. So a rational juror looking at that video might look at that jump back into the – but the question is under California law was whether that Mary Webster's jump back into the path of the car, right? That's a contested fact, but I think a rational juror could, and I think it's clear that she jumps back into the path of the car. And a rational juror, with the evidence that she had taken cocaine, could conclude that she did that as, you know, it was irrational or delusional. And from that, a juror could conclude that though Rogers had taken reasonable measures to avoid her by veering to the left. So your best argument on prejudice is that a reasonable juror would conclude that she had jumped into the path of the car. Is that correct? Because of her cocaine use, and that that would have been – that that would not have been reasonably foreseeable beyond a reasonable doubt. That's right. I see my – I'd like to reserve the rest of my time if I could. Thank you, counsel. Thank you. We'll hear from the government. Good morning, Your Honors. Deputy Attorney General Taylor Wynn, appearing for respondent. And I'd like to first address the review of this case's under-at-ba both prongs of Strickland, deficient performance and prejudices under-at-ba. Why is it prejudiced? Because the state court didn't address it. Well, the state court denied it on the – the issue on the merit. That it isn't relevant and it isn't admissible. Sorry. That's okay. So if you look at the court's decision saying that the evidence is not relevant and admissible, therefore, counsel could not have been deficient for failing to present it. And implicit in that is also, therefore, if it's irrelevant and inadmissible, the jury would not – if it's irrelevant, especially, the jury would not have returned a verdict. So you're saying there was an implicit ruling on the prejudice prong? Yes, Your Honor. On a merits ruling, whether – even if it's a silent denial, sometimes when the House Supreme Court issues silent denials, that is a merits determination that is accorded deference on both prongs of Strickland. Are you – are you familiar with Rompilla and – Rompilla and Porter, where the Supreme Court said, under some circumstances, if the state court rules on one prong of the Strickland test and is silent on the second prong, we review it de novo. We assume the court did not address it. If the state court expressly, in an opinion or a reasoned decision, addresses the first prong without addressing the second prong, yes, we would look at the second prong de novo. But in this case, it's a short reasoned decision, and you can implicitly see that the court stating that is something – an evidence that is irrelevant and inadmissible would be addressing both prongs. Do you think that's a prejudice finding? I think it's a both finding, Your Honor. So what case do you have that supports your argument that the prejudice finding can be implicitly made? Harrington – What language in Harrington says that the prejudice finding can be – I may be – Can I finish my question? I'm sorry. I'm sorry. That the prejudice finding can be implicit? I may be confusing. It may be Richter. Harrington versus Richter. Harrington v. Richter. I can rely on the summary, where summary denials are both merits determination as to – That's a different question, whether or not it's a merits determination, as opposed to whether or not there's a finding on the prejudice prong. Those are two different questions. Well, a merits determination is – within the Strickland context would be a merits determination as to both prongs, unless it's expressed. Because there can be a lot of issues raised before the state court. The state court may address some, but not all. Do you agree with that? I do agree with that, and I have seen that. So any issues that are not addressed by the state court are reviewed de novo. Do you agree with that? Not expressly addressed or – if I may give an example, I've seen cases where I have briefed where the state court would be addressing a Strickland issue, like, say, in the court of appeal, and issues an opinion and would address the deficiency prong and ends it there. We find that the attorney is not deficient and then goes on and does not address prejudice at all. In circumstances like that, I think it would be clear that the state court has not addressed the prejudice prong and the prejudice prong should be addressed de novo. In California v. Johnson, in that case, the Supreme Court said silence on a claim will presume the state court implicitly dealt with it, but that's subject to rebuttal. In other words, there could be evidence that the state court did not actually resolve one of the many claims that the defendant raised. But isn't Strickland different because we have these two other cases, Rompila and Porter, suggesting that Strickland is different, that it treats the two prongs separately? Well, Strickland does have two prongs. And like I said, I would just stand by on the ground that the state court here, even though the reasoned decision is a one-sentence decision, the court did implicitly address prejudice. Just to move on, assuming that we disagree with you and we think that we have to review prejudice de novo, was there sufficient evidence in the record to show that there was a reasonable probability of a different outcome had trial counsel raised the cocaine impairment of Webster, the victim? No, Your Honor, there is no chance at all that there would be a different verdict. On the one hand, you have overwhelming evidence of guilt, Mr. Rogers having a blood alcohol content three to four times the legal limit. During the sobriety test, the officers observed objective signs of impairment, unsteady gait, slurred speech, flushed-in-the-face, watery eyes. He admits to having drank before driving. On the video, you can see him speeding through the intersection where there are a lot of pedestrians and traffic. He swerves. Well, defense counsel says that he tries to avoid the victim, but the victim can be seen jumping back to avoid him, so he changes lanes. Under California law, he's supposed to yield, and so instead of yielding, he tries to swerve around the victim. On the other hand, all you have here is a victim walking across the street at dusk, and she is just merely walking the street. The fact that she has some cocaine in her system without more will not change the verdict because the coroner did not testify that the cocaine in her system had any impairment on her judgment or reaction. So without any of that evidence, all you have is that she had cocaine in her system. And the video clearly showed, the video was seen by the jury, clearly showed she was just walking down across the street, and when she jumped back, she was trying to jump back to avoid petitioner. So given the weight of the evidence, there would be no prejudice at all, even if this evidence would have been admitted. Unless there's any other questions, I would ask that the district court judgment be affirmed. Thank you, counsel. Rebuttal? Rebuttal? Your Honor, so this case is really about the meaning of this cocaine evidence. I've cited the meaning of what this cocaine evidence, the evidence of Webster's use of cocaine, what that would have meant to a juror. I've cited three cases from three different jurisdictions, unanimous decisions saying that drug use, without any mention of interpretation by experts, or some of them even omitting any mention of amounts, is relevant to interpreting a person's conduct. Two of those weren't those state cases, and do we rely on those in a habeas context? You have a problem with that, because it's supposed to be clearly established federal law that we're looking to. How does a state case advance your position? It doesn't advance my position at all. I'm not citing those cases to show how to apply Strickland. I'm citing them as persuasive authority about how California law works. They use similar laws. Can I say something, though? California law cannot be a basis for federal habeas relief. Right, but we have to look at what the California law means and how a rational juror would have interpreted the evidence presented at trial. So I just want to mention counsel for warden has not challenged the reasoning in those decisions, so to the extent that the court may find this helpful, I urge you to look at those. All right. Thank you, counsel. Thank you, Your Honor. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, Ikuta, Bennett